UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTJUAN Q. SMYZER                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:09CV-303-S

HUMANA INSURANCE COMPANY                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Antjuan Q. Smyzer, to remand the action to the Jefferson County, Kentucky, Circuit Court, Division Three, on the ground that diversity of citizenship does not exist and the action was improperly removed.

Smyzer, a resident of Louisville, Kentucky, worked as a Medicare Enrollment Specialist for Humana Insurance Company ("HIC") from September 11, 2006 until his termination on April 18, 2008. Smyzer, an African-American male, alleges that he was discriminated against on the basis of his race. He filed suit in Jefferson Circuit Court against Humana, Inc. Humana, Inc. filed a motion for dismissal of the complaint as against it and for substitution of HIC, Smyzer's employer. The motion was accompanied by an affidavit and various documents evidencing that Humana, Inc, was not the proper defendant. Payroll records indicate that HIC was Smyzer's employer. Supporting documents evidence that HIC is a Wisconsin-domiciled domestic insurance company, and that Smyzer performed work for the company in Louisville. On April 21, 2009, the court ordered HIC substituted in place of Humana, Inc. as the proper party defendant.

- 2 -

On April 28, 2009, HIC removed the action to this court under our diversity jurisdiction. In its notice of removal, HIC indicated that it is a Wisconsin corporation with its principal place of business in Wisconsin, and that the amount in controversy exceeds $75,000.00.[1]

Smyzer seeks remand on the ground that he believed he was employed by a Humana, Inc., a Kentucky corporation. His belief is insufficient, however, to simply make it so. The state court already determined that Smyzer was employed by HIC and dismissed Humana, Inc. from the action. Smyzer now urges remand on the ground that under the "total activity" test announced in *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the court should find that Louisville is HIC's principal place of business.

The test adopted in *Gafford* provides for consideration of the "nerve center" of a corporation, described as the situs of corporate decision-making authority and overall control, and the "place of activity" which emphasizes the location of production activities or service activities. The court found that these tests compliment each other, and directed the lower courts to employ a "total activity" test, taking into consideration all relevant factors and weighing them in light of the facts of each case. *Gafford*, 997 F.2d at 163.

HIC has shown through documents and the affidavit of Gerald L. Ganoni, Vice President of HIC, that HIC sells commercial and Medicare insurance products in Wisconsin. It sells virtually no other insurance products but Medicare insurance products in the rest of the United States. Ganoni lives and works in Wisconsin, and he states that officers vested with primary decision making authority for HIC's commercial business operations are located in Wisconsin. He states that HIC's books and records are primarily located in Wisconsin, and its statutory home office and main

---

[1] Smyzer notes in his reply that HIC has not established by a preponderance of evidence that the amount in controversy exceeds the jurisdictional limit. HIC alleged on information and belief including the claims for past and future lost wages and benefits, past and future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, and other non-pecuniary losses, all alleged by Smyzer in the complaint. Significantly, Smyzer did not state in his reply that the amount in controversy does not exceed $75,000.00, and thus he has not controverted HIC's conclusion.

administrative office is there. Further, he explains that HIC lists a Kentucky mailing address because Humana, Inc. in Louisville performs ministerial duties for HIC under a written Corporate Services Agreement. The agreement delineates the services provided by HIC's parent company which is extensive. However, Ganoni avers that the actuarial, underwriting, information technology, service operations, finance, marketing, billing and some sales are performed for HIC's small group commercial business in Wisconsin. By contrast, the services for which HIC contracts with Humana, Inc. appear to relate to support and personnel operations. The services listed in Schedule A to the Corporate Services Agreement include payroll and tax payments, claims payments by check or wire transfer, broker commissions, management of executive salaries and related costs, oversight and administration of mail, voice, and data networks and security, human resources management, legal services and financial reporting, sales incentives, and executive benefits.

Smyzer worked for HIC as a Specialist in the Medicare Enrollment Division. In November, 2007 Smyzer was transferred to the Cross Functional area of the Medicare Enrollment Division. Ganoni stated in his affidavit that services for HIC's Medicare business are performed across the United States.

Nothing that Smyzer has offered has called into question the formation and operation of HIC in Wisconsin. His identification of Members of the Board of Directors and Executive Officers of the company who reside and work in Louisville do not call into question the averment that the day-to-day decision-making and control of HIC resides within the Wisconsin offices. Although Humana, Inc. has a formidable presence in Louisville, it has not been shown to have been operating HIC here.

Humana, Inc. was not Smyzer's employer. Smyzer worked for HIC in Louisville providing Medicare-related administrative services. Evaluation of the operation of HIC under either the "place of activity" or the "nerve center" test yields the conclusion that HIC is domiciled and has its principal place of business in Wisconsin.

Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Atjuan Q. Smyzer, to remand (DN 7) is **DENIED.**

**IT IS SO ORDERED.**

December 17, 2009

**Charles R. Simpson III, Judge**
**United States District Court**